THE NEW YORK AND PORTO RICO S. S. CO. *v.* DEXTER.

APPEAL from the District Court of San Juan, Section 1.

No. 491.—Decided June 20, 1910.

TRANSCRIPT OF RECORD—CERTIFICATE BY COUNSEL FOR ONE OF THE PARTIES ONLY.—In view of the fact that this court has for some years consented to allow the transcript of the record to come up certified to by counsel for one of the parties only, this appeal will not be dismissed on that ground, the transcript having been filed prior to April 4, 1910, on which date this court rendered its judgment in the case of the *American Railroad Co.* v. *The Judge of the Municipal Court.*

DOCUMENTARY EVIDENCE—BILL OF EXCEPTIONS.—This court will examine the evidence which is presented, duly certified by the judge of the trial court, without regard to whether the document is designated as a bill of exceptions or a statement of the case, when the whole judgment is to be reviewed.

DOCUMENTARY EVIDENCE—LITERAL COPY OF BOND SET OUT IN COMPLAINT.—The plaintiff having set out in his complaint a literal copy of the bond involved in this suit, which has been duly identified by the defendant, and the contents of the document not having been otherwise questioned, the only question being as to its legal value, it is unnecessary to include a literal copy thereof in the statement of the case.

ID.—TEST BY WHICH TO DETERMINE THE NECESSITY OF PRESENTING A LITERAL COPY OF A DOCUMENT IN THE STATEMENT OF THE CASE.—The true test as to whether or not a document introduced in evidence should be literally copied in the statement of the case, is to ascertain whether the appellate court is placed in the same position with respect to the evidence as was the trial court when the case was submitted for judgment.

CONTRACT—INTERPRETATION THEREOF—OBJECT OF SUIT.—From an examination of the contract involved in this suit, it is evident that it constitutes a clear obligation on the part of the defendant to indemnify the company against loss by reason of its delivery of the goods to a person other than the one to whom they were consigned.

ID.—CONVERSATIONS OF CONTRACTING PARTIES HAD PRIOR TO THE EXECUTION OF THE CONTRACT.—It is a principle of law as well as of evidence that all previous conversations between the parties are merged in the written instrument.

ID.—CONSIDERATION FOR CONTRACT.—In a contract, such as the one involved herein, the delivery of the goods to a third party constitutes the consideration.

ID.—CONSIDERATION.—The loss which a person may suffer and the security against such loss are also valuable considerations.

The facts are stated in the opinion.

*Messrs. N. B. K. Pettingill* and *Robert H. Todd* for appellant.

*Mr. Francis H. Dexter* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the District Court of San Juan. The appellee presents several preliminary questions of practice in opposition to a review on the merits of the case.

The first of these is that the case is not properly certified, the record being vouched for neither by the attorneys on both sides nor by the secretary of the district court. It is, however, certified to by the attorneys of the appellant and was filed before the decision of this court in the case of *American Railroad Co.* v. *The Judge of the Municipal Court of Ponce* (16 P. R. Rep., 227), decided April 4, 1910, cited by appellees, and comes under the principle announced in that case and

followed in the case of Belber v. Calvo (16 P. R. Rep., 342), decision of this court, May 19, 1910, namely, that as the court for a number of years had suffered the practice it would not dismiss for this failure to certify when the record was on file and no motion to dismiss was made.

The next objection is that the facts are presented by a statement of a case and not by a bill of exceptions, and that there is no provision in the Code of Civil Procedure for a statement of the case except in a motion for a new trial. The uniform practice of this court has been to review the facts when properly certified by the judge no matter how the writing embodying the evidence may be styled. The question came up directly in the case of *Garcia* v. *Cañada,* 3 Castro 526, where the court said that it would and should regard a statement of the case as a bill of exceptions when the whole judgment was to be reviewed. This is a necessary deduction from the provisions of section 213 of the Code of Civil Procedure wherein a judgment is excepted to without the necessity of a formal exception.

The next objection is that all the evidence is not included in the record and therefore the court cannot review the merits. The decision of this objection involves the question of whether there was any evidence omitted which was material or necessary to a review and for greater clearness is postponed to a review of the facts of the case.

The complainants in the court below, the New York and Porto Rico Steamship Co., sued the defendant, Francis H. Dexter, on the following contract set out in the complaint as follows:

"*Whereas,* on the —— day of December, 1907, on the Steamship *San Juan,* 2 packages of merchandise were received at San Juan, consigned to Charles E. Miller, and

"*Whereas,* I, H. B. Hodges, am the proper person to receive said merchandise, although not having the bill of lading therefor in my possession or not having assigned the same to anyone or authorized the assignment of same, I hereby guarantee to save harmless the New

York and Porto Rico Steamship Co., from any loss or damage for freight, value of merchandise, or any other damage that may be claimed by the consignor, or to anyone claiming the delivery of said merchandise under a bill of lading or otherwise, and I agree to deliver the bill of lading to the said steamship company on receipt of same. (Signed) H. B. Hodges.

"In consideration of the delivery of the above merchandise to H. B. Hodges, I hereby guarantee to indemnify the said steamship company against any loss by reason thereof, and also to deliver the bill of lading to the said steamship company, should same come into my possession.    (Signed) F. H. Dexter."

The complaint went on to allege that, relying on the promise of the defendant, the complainant delivered the goods to said Hodges; that neither the said Hodges nor the said Dexter had ever, in performance of said contract, delivered the said bill of lading to the said complainant; that by reason of the delivery of said goods to Hodges without a bill of lading the complainant was obliged to compensate and did compensate the shippers of said merchandise in New York the sum of $692.06, the said sum including the value of the merchandise turned over, interest to the date of payment, and expenses necessarily had, and the complainant prayed for a judgment of $692.06 with legal interest from the filing of the complaint.

The defendant in his answer first denied all and each of the facts of the complaint and then went on to say "that the contract called a bond (*fianza*), which is described therein, was made when no consideration existed between the defendant on the one side and the complainant, or the said Hodges or either of the two, on the other. And he alleged besides that the delivery of said merchandise to said H. B. Hodges by said company was done without consideration or mutuality in the contract;" then the answer set up that such merchandise was turned over to H. B. Hodges in the first part of December, 1907, and that the company, instead of obtaining the amount alleged to be due from Hodges by virtue of the de-

livery of such merchandise, the latter being perfectly able to pay, deferred the collection of such payment, without the intervention of the defendant; that defendant had reason to believe that the amount had been paid many months before; that from the date of the bond until February, 1908, when he disappeared from the Island, Hodges was able to pay and that even after going he left property behind out of which the amount might have been recovered; that the complainant was negligent in this matter in letting Hodges go from the Island without recovering from him or thereafter from his property; that the complainant did not and has not exhausted all his remedies against Hodges; that the defendant never guaranteed in any way the price of the merchandise delivered, but only the identity of the person of Hodges—that is to say, that defendant made himself responsible only if the person to whom the goods were delivered was not Hodges.

The statement of the case shows that the complainant introduced into evidence the contract, the bill of lading (*conocimiento de embarque*) showing the goods shipped, and introduced evidence tending to prove all the facts of the complaint.

The defendant introduced evidence which, if the contract sued upon is merely one of suretyship as contended by the appellee, would on the state of the record require an affirmance of the judgment in his favor. We are now in a better position to examine the objection that all the evidence did not come up in the record. The appellee draws attention to the fact that neither the contract nor the bill of consignment has been incorporated into the statement of the case. However, the entire contract was copied into the complaint; the answer in the words we have quoted admits it, and explains it, or seeks to avoid the effect claimed for it. There is no dispute over its contents. The issue was joined over its effect. In fact, in the testimony of the defendant, some of the terms of the contract are set forth and identified. Including the contract in the statement would have established no independ-

ent fact. The true test is whether the appellate tribunal is placed in the same position with respect to the evidence as was the trial court when the case was submitted for judgment. (*Vargas* v. *Monroig*, [15 P. R. Rep., 26], decision of this court of January 15, 1909; see also 3 Cyc., 58.)

The record, and especially the statement, shows clearly what the bill of consignment was and what it contained; that the goods were consigned to Chas. E. Miller and not to Hodges; that the company was asked to notify Hodges; that the goods shipped were automobile supplies. Therefore, there is nothing material or important which the court below had before it with respect to the contents of this document that is not presented to this court. Another objection is to the fact that the statement omits to include a letter dated April 2, 1908, from the defendant to the complainant which was admitted without objection. Appellee says that this document went to show his subsidiary liability on the theory that the contract was one of suretyship. If the contract is one of suretyship then the letter was material and the judgment would have to be affirmed. Otherwise it is immaterial and unimportant.

The principal contention of the appellant is that the contract sued upon is one of guaranty and not of suretyship. In other words that the contract signed by him made him liable only in case Hodges failed to perform what he promised. By whatever name it is called it was a plain undertaking to indemnify the company against any loss by reason of the delivery of the goods to Hodges which were consigned to Miller. Hodges said that he was the proper person to whom the goods should be delivered. Before the company would deliver, it required an undertaking from Hodges to indemnify it against loss. It also required, and the testimony shows that it is a customary requirement on the part of the company, that there should be an independent contract to save

harmless, executed by some one else. This independent contract was signed by the defendant and the testimony shows that he read it over before signing. It can make no difference that the defendant believed that he was signing another sort of agreement. There was testimony tending to show that the defendant had a telephone conversation with the company before signing as to the terms, but it is a principle of law as well as of evidence that all previous conversations between the parties are merged in the written instrument. It was the defendant, moreover, who called up the company and he did not know with whom he spoke or hence that it was anyone in authority.

The appellee urges also that the contract was without consideration. The proof showed that the goods were delivered and also that the company suffered a loss thereby. The delivery of the goods, even to a third person, is a good consideration. There is also another aspect of the question of consideration. The bill of consignment, the evidence shows, says "Notify Hodges." Hodges requested that the goods be delivered to him. The company feared a loss thereby and it required a guaranty. The essential terms of the contract may be deemed to be that in consideration of any loss the company may sustain by reason of the delivery the guarantor agrees to indemnify. A detriment is also a valuable consideration and we know of nothing in the Civil Law which militates against the idea that a loss suffered is not a good consideration for the enforcement of a contract. It is argued also that the company had no right to deliver to Hodges, as he was not the consignee and did not possess the bill of lading, but that the company was legally in possession of the goods and parted with them at the instance of Hodges and the appellee and the latter became bound.

The judgment must be reversed, but as the record shows that there was an exception taken by the appellee with re-

spect to the proof of loss and as we can only properly consider errors of the appellant, the case is sent back for a new trial.

*Reversed.*

Chief Justice Hernández and Justice MacLeary concurred.

Justices Figueras and del Toro did not take part in the decision of this case.